22 F.3d 1184
 306 U.S.App.D.C. 102
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
LuEthel Tate GREEN
v.
HOWARD UNIVERSITY.
 No. 92-7231.
 United States Court of Appeals, District of Columbia Circuit.
 March 31, 1994.
 
 Before: WILLIAMS, GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the judgment of the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 The appellant's employment with Howard University was terminated as part of a reduction in force in 1990. Invoking diversity jurisdiction, the appellant brought suit in federal court on two counts. First, she alleged that she had been discriminated against on the basis of her heterosexuality, in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C.Code Sec. 1-2501 et seq. Second, she claimed that her termination constituted a breach of contract. The District Court eventually granted summary judgment for Howard on both counts.
 
 
 3
 After oral argument before this court, the appellant moved to hold this case in abeyance pending the decision of the District of Columbia Court of Appeals in Howard University v. Green, No. 93-CA0018. By order issued simultaneously with this judgment, we are granting that motion in part and denying it in part.
 
 
 4
 For substantially the reasons stated by the District Court, we agree that the appellant failed to make out a prima facie case of sexual-orientation discrimination sufficient to survive a motion for summary judgment on her first count. As for the appellant's second count, we believe it proper to hold this portion of the case in abeyance pending the decision of the District of Columbia Court of Appeals in Howard University v. Green. Despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them", see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), we will not rush to speak on obscure questions of D.C. law that parallel litigation--concerning the same events and launched by the same plaintiff--may soon render moot. We are fortified in this decision by the appellant's motion.
 
 
 5
 Accordingly, it is ORDERED and ADJUDGED by the Court that the judgment of the District Court on the first count is affirmed, and that the remainder of this case is held in abeyance.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a).